ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-03 13:23:21
60CV-20-91
C06D02 : 6 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**CHARLI KNIGHT**                                                   **PLAINTIFF**

**V.**                 **CASE NO. 60CV-2020-___-___**

**DOLGENCORP, LLC.**                                   **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Charli Knight, by and through her attorneys, Law Offices of Travis Berry, by Clayton B. Sexton, and for her Complaint against the Defendant, states as follows:

### I. RESIDENCY AND PARTIES

1. That at the time of the incident giving rise to this Complaint, the Plaintiff, Charli Knight, is an individual adult resident of Pulaski County, Arkansas, with a residential address of 8651 Kling Road, Mabelville, AR 72103.

2. The corporate Defendant, Dolgencorp, LLC., is, and was at all times mentioned in this Complaint, a corporation organized and existing under the laws of the State of Arkansas, and may be served with process through its agent for service, Corporation Service Company, 300 Spring Street, Suite 900, Little Rock, Arkansas 72201.

3. That at all times mentioned in this Complaint, the corporate Defendant, Dolgencorp, LLC., owned and operated a retail store located at 15216 Chicot Road, Mabelvale, Pulaski County, Arkansas (hereinafter "Dollar General Store # 13097").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

5. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for personal injury may be brought in the county where the incident occurred which caused the injury, in the county where the person injured resided at the time of the injury, or the county in which the defendant resided.

## III. BASIC PREMISE

6. This is a negligence case which arises from an incident that occurred on January 11, 2017, at 15216 Chicot Road, Mabelvale, Pulaski County, Arkansas, more commonly known as Dollar General Store #13097.

## IV. FACTS

7. At all material times, Defendant operated a retail store, known as Dollar General Store #13097, and was open for business to the public, including the Plaintiff.

8. That at all times relevant hereto, Plaintiff, Charli Knight, was an invitee and legally on the premises.

9. Dollar General Store #13097 had a hole, hereinafter known as the "Hole" in the concrete directly in front of the ramp leading into the front entrance of the store. A photograph of the "Hole" is attached as Exhibit A.

10. The "Hole" was a hazard that was either known, or should have been known, to the Defendant, as the lines of the concrete were painted over the "Hole."

11. The Defendant did not have any warning of the "Hole" for invitees that were expected to enter and exit the store through this location.

12. On or about January 11, 2017, Plaintiff, Charli Knight, was exiting the store walking on the ramp carrying out her purchases when she tripped in the "Hole." As a result, Plaintiff sustained severe personal injuries and damages.

## V.  NEGLIGENCE

13. That in carrying out security operations, the corporate Defendant, DOLGENCORP, LLC., owed a duty to those lawfully on the premises of the Dollar General Store #13097, including the Plaintiff, Charli Knight, to use due care to ensure that such persons were not injured or otherwise put at risk while at the store.

14. Defendant was negligent in the following particulars:

    a. Failing to properly supervise the area in question so as to furnish to the Plaintiff, Charli Knight, a safe shopping experience, free from hazards, which were recognized, or should have been recognized by Defendant, DOLGENCORP, LLC., as causing, or likely to cause, the serious physical harm to the Plaintiff, and others;

    b. Failing to properly display warning signs or other directives in a manner as such would inform Plaintiff of the potential hazard;

    c. The failure of maintenance of distractions that foreseeably diverted the Plaintiff's attention from the dangerous condition that was not visible at eye level;

    d. Failing to maintain the store in a safe condition to ensure that the Plaintiff would not be caused injury as a result of an obstruction which existed and which was known or should have been known to the Defendant;

e. Failing to properly inspect the store wherein the Plaintiff was caused injury as a result of the obstruction which existed which was known or should have been known to the Defendant;

f. Failing to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and others;

g. Failing otherwise to comply with the applicable laws and regulations of the State of Arkansas and the applicable Federal laws and regulations; and

h. Otherwise failing to exercise the degree of care required under the circumstances.

## VI.  PROXIMATE CAUSATION

15. The Defendant's negligence proximately caused the incident described herein and the injuries and damages sustained by the Plaintiff.

## VII.  INJURIES AND COMPENSATORY DAMAGES

16. As a result of the aforesaid conduct and breach of care of the Defendant, DOLGENCORP, LLC., Plaintiff sustained personal injuries and damages.

17. Plaintiff is entitled to the following damages:

   a. The natures, extent, duration, and permanency of her injuries;

   b. The full extent of the injuries she sustained;

   c. The expense of her medical care, treatment, and services received, including transportation, board and lodging expenses, and those expenses that are reasonably certain to be required in the future;

   d. Any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   e. The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

   f. The visible results of her injuries.

18. The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## VIII.   DEMAND FOR JURY TRIAL

19. Plaintiff hereby demands a trial by jury.

## IX.   DEMAND AND PRAYER

20. The Plaintiff demands judgment against the Defendant for damages in a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages.

21. The Plaintiff demands judgment against the Defendant in an amount to be set by the jury to compensate her for her damages, for reasonable expenses; costs; and for all other proper relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

*/s/ Clayton B. Sexton*
Clayton B. Sexton (Ark. Bar No. 2017024)
LAW OFFICES OF TRAVIS BERRY
901 Main Street
Arkadelphia, AR 71923
Telephone:   (870) 246-7650
Facsimile:   (870) 246-7679
Email:   clay@berry.lawyer